UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RANDA CAMPBELL, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:09-CV-1268 CAS |
| BIG LOTS STORES, INC., | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant Big Lots Stores, Inc.'s motion to exclude and prohibit certain testimony and opinions from Dr. Randall Roush, plaintiff's treating physician. Plaintiff Randa Campbell opposes the motion. No party has requested an evidentiary hearing. The parties have submitted an evidentiary record which includes Dr. Roush's deposition testimony. Accordingly, the Court finds that it can make a proper Daubert analysis without the need for an evidentiary hearing or oral argument.

**Background**

Plaintiff claims she injured her neck and shoulder when a display of curtain rods and a display of dish towels fell on her at a Big Lots store on June 24, 2006. Plaintiff underwent rotator cuff surgery to her left shoulder on August 20, 2007, which she claims was caused by this incident. Plaintiff's treating physician, Dr. Randall Roush, testified at deposition regarding whether the August 2007 surgery was causally related to the June 2006 incident. Defendant seeks to exclude Dr. Roush's proposed testimony for the following reasons: (1) because Dr. Roush was unable to confirm the cause of plaintiff's shoulder surgery, the testimony is based on reasoning or methodology that is not

scientifically valid or reliable, and (2) the testimony is not based on a proper differential diagnosis.

**Legal Standard**

The admission of expert testimony in federal court is governed by Federal Rule of Evidence 702. Lauzon v. Senco Prods., Inc., 270 F.3d 681, 686 (8th Cir. 2001). "Rule 702 reflects an attempt to liberalize the rules governing the admission of expert testimony." Weisgram v. Marley Co., 169 F.3d 514, 523 (8th Cir. 1999), aff'd, 528 U.S. 440 (2000). The Rule "favors admissibility if the testimony will assist the trier of fact." Clark ex rel. Clark v. Heidrick, 150 F.3d 912, 915 (8th Cir. 1998). Doubt regarding "whether an expert's testimony will be useful should generally be resolved in favor of admissibility." Id. (citation and internal quotation omitted). Nonetheless, "the proponent of the expert testimony must prove its admissibility by a preponderance of the evidence." Lauzon, 270 F.3d at 686 (citing Daubert, 509 U.S. at 592).

In Daubert, the United States Supreme Court interpreted Rule 702 to require district courts to be certain that expert evidence based on scientific, technical or other specialized knowledge is "not only relevant, but reliable." Daubert, 509 U.S. at 589. The district court must make a "preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts at issue." Daubert at 592-93.

The Eighth Circuit has explained that proposed expert testimony must meet three criteria to be admissible under Rule 702:

> First, evidence based on scientific, technical, or other specialized knowledge must be useful to the finder of fact in deciding the ultimate issue of fact. This is the basic rule of relevancy. Second, the proposed witness must be qualified to assist the finder of fact. Third, the proposed evidence must be reliable or trustworthy in an evidentiary

sense, so that, if the finder of fact accepts it as true, it provides the assistance the finder of fact requires . . . .

Lauzon, 270 F.3d at 686 (internal citations and punctuation omitted).

"As a general rule, the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination." Larson v. Kempker, 414 F.3d 936, 941 (8th Cir. 2005) (quoting Hose v. Chicago Northwestern Transp. Co., 70 F.3d 968, 974 (8th Cir. 1995)); Archer Daniels Midland Co., 356 F.3d at 858 ("Generally, the factual basis of an expert's opinion goes to credibility of the testimony, not admissibility."). The Eighth Circuit Court of Appeals has instructed that "[a]n expert's opinion must be excluded only if it 'is so fundamentally unsupported that it can offer no assistance to the jury.'" Id. (quoted case omitted).

**Discussion**

Defendant moves for the exclusion of Dr. Randall Roush's testimony on two grounds. Specifically, defendant argues that (1) because Dr. Roush was unable to confirm the cause of plaintiff's shoulder surgery, his reasoning or methodology is not scientifically valid or reliable; and (2) Dr. Roush did not conduct a proper differential diagnosis to arrive at his opinions.

    **A.**    **Plaintiff's Motion for an Extension of Time to Respond to Motion**

As an initial matter, plaintiff filed her response to defendant's motion nine days late, without leave of Court. In its reply brief, defendant argued that the Court should not give any consideration to the late-filed response. In response to this argument, plaintiff filed a motion for leave to file her response out of time, stating that defendant has shown no prejudice arising out of the late filing. Because the Court must necessarily consider plaintiff's arguments in ruling on defendant's motion,

and because the Court finds no prejudice to defendant in the late filing, the Court will grant plaintiff's motion for an extension of time.

      **B.**    **Dr. Roush's Reasoning and Methodology**

Defendant argues that because Dr. Roush's testimony is equivocal, his opinion is not based on sufficient factual basis to be admissible. At deposition, Dr. Roush testified that plaintiff's accident at Big Lots "probably did" cause a new shoulder injury, a muscle strain, which required an injection. (Dr. Roush Dep. at 28). He also testified that the accident "likely [ ] may have irritated" a pre-existing problem with the shoulder. (Id.). The deposition testimony is unclear whether Dr. Roush is referring to the rotator cuff tear when he referred to plaintiff's "pre-existing problem with the shoulder." He goes on to testify, however, that he cannot say whether the rotator cuff tear was pre-existing. Assuming it was pre-existing, he states that the accident at Big Lots "certainly could have irritated it." (Id.). Defendant states that Dr. Roush's testimony regarding causation is speculation based on a temporal relationship between plaintiff's incident at Big Lots and her shoulder pain.

A treating physician's testimony regarding causation is properly subject to Daubert analysis. Turner v. Iowa Fire Equipment Co., 229 F.3d 1202, 1207 (8th Cir. 2000). A medical opinion about causation, based upon a proper differential diagnosis, is sufficiently reliable to satisfy Daubert. Id. at 1209. Neither Rule 702 nor Daubert requires that an expert opinion resolve an ultimate issue of fact to a scientific absolute in order to be admissible. The only question relevant to the admissibility of the scientific evidence is whether it is sufficiently reliable and relevant to assist the jury's determination of a disputed issue. Bonner v. ISP Technologies, Inc., 259 F.3d 924, 929-30 (8th Cir. 2001).

4

Although defendant states its argument with Dr. Roush's testimony in terms of whether it is scientifically valid and reliable, defendant's problem with Dr. Roush's testimony is that it is equivocal. See Def. Mot. to Exclude at 3. At most, Dr. Roush testified that the accident "probably" caused plaintiff's muscle strain, which required an injection. With respect to plaintiff's rotator cuff tear, Dr. Roush could not opine on whether it was caused by the accident at Big Lots.

> Q: And you indicated that the rotator cuff tear that you could not say whether or not that was, in fact, caused from this incident at Big Lots?
> A: That's correct.
> Q: So the surgery that you performed on Ms. Campbell, you can't say one way or the other whether it was the result of this incident at Big Lots, is that right?
> A: That's correct.

(Dr. Roush Dep. at 42). Simply put, Dr. Roush had no opinion as to causation with regard to the rotator cuff tear. Because Dr. Roush cannot express any expert opinion regarding the cause of plaintiff's rotator cuff tear, the Court does not need to subject this testimony to Daubert analysis.

To the extent Dr. Roush does express an opinion as to causation, in particular the cause of plaintiff's muscle strain, Daubert does not require that an expert opinion resolve an ultimate issue of fact to a scientific absolute in order to be admissible. The only question relevant to the admissibility of the scientific evidence is whether it is sufficiently reliable and relevant to assist the jury's determination of a disputed issue. Dr. Roush's testimony that plaintiff's muscle strain was "likely" caused by the accident at Big Lots is based on his medical expertise in evaluating and treating plaintiff and in performing a differential diagnosis as to causation. See infra. Defendant's argument goes to the weight of Dr. Roush's testimony—not its admissibility. Clark v. Hendrick, 150 F.3d 912, 915 (8th Cir. 1998) (courts should resolve doubts regarding the usefulness of an expert's testimony in favor of admissibility). To the extent Dr. Roush has an opinion as to causation, which he does not

5

as it relates to the rotator cuff tear, his opinion is admissible. The Court will not exclude Dr. Roush's testimony based on defendant's first argument.

### C. Dr. Roush's Differential Diagnosis

Defendant also argues that Dr. Roush's testimony should be excluded because he did not base his opinion on a proper differential diagnosis. Specifically, defendant states that Dr. Roush was not aware of plaintiff's two prior car accidents or her medical records from a 2004 visit with another doctor, all of which evidenced shoulder complaints prior to the date of the incident.

Defendant is correct that a medical opinion about causation that is not based upon a proper differential diagnosis is not sufficiently reliable to satisfy Daubert. See Turner, 229 F.3d at 1208 (affirming district court's exclusion of treating physician's opinion on causation because treating physician did not systematically rule out all other possible causes). Defendant's argument that Dr. Roush did not consider plaintiff's pre-existing shoulder pain in his differential diagnosis, however, is not correct. At several points in his deposition, Dr. Roush acknowledges plaintiff's pre-existing injuries to her shoulder. (Dr. Roush Dep. at 18, 28, 30, 31). While Dr. Roush did not review medical records associated with plaintiff's prior automobile accidents, he was well-aware that plaintiff suffered pre-existing shoulder injury. In fact, Dr. Roush testified that plaintiff's accident likely irritated a pre-existing problem and that he cannot say whether plaintiff's rotator cuff tear was caused by the accident at Big Lots. (Id. at 18, 42). Unlike the Turner case, Dr. Roush acknowledges that plaintiff's injury might be pre-existing, whether caused by a car accident or otherwise. He gives this full consideration in his opinion regarding causation. The Court will not exclude Dr. Roush's testimony based on defendant's assertion that he did not perform a proper differential diagnosis.

6

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for an extension of time to file a response to defendant's motion to exclude and prohibit certain testimony and opinions from Dr. Randall Roush is **GRANTED**. [Doc. 27]

**IT IS FURTHER ORDERED** that defendant's motion to exclude and prohibit certain testimony and opinions from Dr. Randall Roush is **DENIED**. [Doc. 23]

_____
**CHARLES A. SHAW
UNITED STATES DISTRICT JUDGE**

Dated this 2nd day of June, 2011.